IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01923-ZLW-MJW

JOHN GRAESER, individually, and
ROENA M. ROWE, individually and as Personal Representative of the ESTATE OF
GORDON H. ROWE,

    Plaintiffs,

v.

JAMES L. CROSS, and
ROBERT E. CROSS,

    Defendants.

## ORDER

    The matter before the Court is Plaintiffs' Motion To Amend Complaint (Doc. No. 12), filed November 12, 2010. Plaintiffs seek to amend the Complaint to add a third claim for relief for "Piercing the Corporate Veil and/or Personal Liability for the Debts of LLC by its Officers and Managers." (Doc. No. 12 at 3-6).

    The present motion was filed prior to the December 1, 2010, deadline for amendment of pleadings (see Doc. No. 9). Where, as here, a responsive pleading has been filed, the plaintiff may amend the complaint only by leave of court or with the written consent of the parties.[1] Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "The purpose of the Rule is to provide

---

[1] Fed. R. Civ. P. 15(a).

litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[2]  Thus,

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."[3]

Defendants have failed to establish, or even clearly articulate any allegation of, undue delay, bad faith, dilatory motive, undue prejudice, or futility of the amendment. Because Defendants have not made such a showing, because the request for amendment was timely, and because the rules concerning amendment of pleadings "are generally liberally construed in favor of permitting amendment,"[4] it is

ORDERED that Plaintiffs' Motion To Amend Complaint (Doc. No. 12) is granted. It is

FURTHER ORDERED that Plaintiffs shall file their First Amended Complaint on or before January 19, 2010.  It is

FURTHER ORDERED that, because the First Amended Complaint will supercede the original Complaint, the First Amended Complaint shall not incorporate the claims and allegations contained in the original Complaint by reference, but, rather,

---

[2] Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (citation and internal quotation omitted).

[3] Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

[4] Arkansas-Platte & Gulf Partnership v. Dow Chemical, 886 F. Supp. 762, 765 (D. Colo. 1995).

shall recite all original claims and allegations as well as the additional third claim for relief.

DATED at Denver, Colorado this 13th day of January, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court